# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:22-CV-598-AGF |
| CYBELLE WEBBER, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before the Court upon petitioner Joseph Michael Devon Engel's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  Because the petition appears to be time-barred, the Court will order petitioner to show cause why it should not be dismissed.

The Court finds that Petitioner filed the instant petition on May 26, 2022, the date he avers he placed it in his institution's mailing system.[1]  In the petition, Petitioner identifies the challenged judgment as a November 1, 2019 judgment of conviction entered by the Circuit Court of Jefferson County, Missouri, in the matter *State v. Engel,* No. 18JE-CR03639 (23rd Jud. Cir. 2018).  In that case, Petitioner pleaded guilty on July 19, 2019 to multiple offenses, including burglary, property damage, and resisting arrest.  On November 1, 2019, Petitioner was sentenced to concurrent prison terms totaling ten years.  The court suspended execution of the sentences, and placed Petitioner on probation.  He did not seek direct review.

Petitioner was later found to have violated the terms of probation.  On August 6, 2020, the State court entered an order revoking Petitioner's probation, and ordering the execution of the previously-imposed sentences.  At present, Petitioner is incarcerated at the Ozark Correctional

---

[1] *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

Center in Fordland, Missouri.

On December 28, 2020, Petitioner moved for post-conviction relief in the Missouri State court. *See Engel v. State,* No. 21JE-CC00031 (23rd Jud. Cir. 2020). The State moved for dismissal on the grounds that the motion was untimely, and on July 8, 2021, the matter was dismissed. On March 22, 2022, petitioner filed a Petition for Writ of Habeas Corpus in the Missouri Supreme Court. *See Engel v. State,* No. SC99540 (Mo. 2022). On May 17, 2022, the petition was denied. The Court takes judicial notice of the foregoing publicly-available Missouri State court records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under the applicable provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must apply for such relief no later than one year from the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

To the extent Petitioner can be understood to challenge the November 1, 2019 judgment, the petition appears untimely and subject to dismissal. In Missouri, a suspended execution of sentence is a final judgment. *United States v. Craddock*, 593 F.3d 699, 701 n 4 (8th Cir. 2010) (citation omitted). When, as here, direct review is not sought, the judgment becomes final for purposes of the federal limitations period ten days after it is entered. *See* Mo. Sup. Ct. R. 30.01(a), Mo. Sup. Ct. R. 81.04(a). In this case, therefore, judgment became final on November 11, 2019, and Petitioner had until not later than November 12, 2020[2] to file a petition for writ of habeas corpus in this Court. However, Petitioner did not file the instant petition until May 26, 2022, more than one year and six months later.

To the extent Petitioner can be understood to challenge the August 6, 2020 probation revocation, it also appears the petition is untimely. Petitioner's August 6, 2020 probation revocation was final on the day the trial court entered it, as direct review was not an option. *See Davis v. Purkett,* 296 F. Supp. 2d 1027 (E.D. Mo. 2003) (concluding that the petitioner's probation

---

[2] Because one year from November 11, 2019 was a federal holiday, Petitioner had until Novenber 12, 2020 in which to file a federal habeas petition.  *See* Fed. R. Civ. P. 6(a)(1)(C).

revocation was "final" for purposes of § 2244(d)(1)(A) on the day the trial court entered it, in the sense that direct review was unavailable); *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. Ct. App. 1998) (citation omitted) ("Revocation of probation is not directly appealable, . . . but may be reviewed by filing a writ of habeas corpus."). Additionally, such orders are normally not reviewable under Missouri Supreme Court Rules 29.15 or 24.035. *Teter v. State,* 893 S.W.2d 405, 405-06 (Mo. Ct. App. 1995). Accordingly, under § 2244(d)(1)(A), Petitioner had not later than August 6, 2021 by which to seek habeas review in this Court, but he did not do so until May 26, 2022, 658 days after judgment became final and thus well after the expiration of the one-year limitations period. Petitioner's March 22, 2022 State habeas petition cannot serve to toll the limitations period because it was filed after its expiration. It therefore appears the petition is time-barred, and the Court will order petitioner to show cause why it should not be dismissed as such. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before *sua sponte* dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner may proceed *in forma pauperis* in these proceedings.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

**Petitioner's failure to timely comply with this Order shall result in the dismissal of this case, without prejudice and without further notice.**

Dated this 22nd day of August, 2022.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE