UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:22-CV-598-AGF |
| ) | |
| CYBELLE WEBBER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Petitioner's response to the August 22, 2022 order directing him to show cause why his petition should not be dismissed as untimely. The Court has reviewed and considered Petitioner's response, and concludes the petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and 28 U.S.C. § 2244(d)(1)(D), and cannot be considered timely under any other provision of that statute. The Court also concludes that Petitioner has not demonstrated entitlement to equitable tolling. The Court will therefore dismiss the petition without further proceedings, and will not issue a certificate of appealability.

**Background**

Petitioner filed the instant petition on May 26, 2022. As best the Court can tell, Petitioner asserts the following grounds for relief: (1) he was not informed he was being sentenced as a prior and persistent offender; (2) the courtroom was noisy on November 1, 2019 and he did not understand all of the questions; (3) counsel misinformed him about the percentage of sentence he would be required to serve; (4) counsel misrepresented facts concerning long-term drug treatment; (5) he was not allowed to view discovery footage provided by the prosecution;

and (6) there were video and audio problems during the August 6, 2022 court proceedings. (ECF No. 1).

As fully explained in the Court's August 22, 2022 order, the petition is not timely under 28 U.S.C. § 2244(d)(1)(A). Briefly, however, the relevant dates are as follows. To the extent Petitioner can be understood to challenge the November 1, 2019 judgment sentencing him to concurrent ten-year prison terms and suspending the execution of sentence, Petitioner had until not later than November 12, 2020 to seek federal habeas review. To the extent Petitioner can be understood to challenge the August 6, 2020 judgment ordering his probation revoked and sentence executed, he had until not later than August 6, 2021 by which to seek federal habeas review. However, because Petitioner did not file the instant petition until May 26, 2022, the petition is untimely regardless of which judgment he can be understood to challenge.

In the August 22, 2022 order, the Court directed Petitioner to show cause why the petition should not be dismissed as untimely. In the response now before the Court, Petitioner asserts that the petition was timely filed under 28 U.S.C. § 2244(d)(1)(D), pursuant to which the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner writes:

> Under Title 28 U.S.C. § 2254(d):[1]
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of--
> (A) …

---

[1] While Petitioner cites "28 U.S.C. § 2254(d)," he quotes text from 28 U.S.C. § 2244(d). Additionally, 28 U.S.C. § 2254(d) is not relevant to the determination of whether the instant petition is timely. Therefore, the Court understands Petitioner to cite 28 U.S.C. § 2244(d)(1)(D), pursuant to which a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is timely if filed within one year of the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

2

>   (B) …
>   (C) …
>   (D) **The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

(ECF No. 10 at 1) (emphasis in original).  Petitioner contends he was previously unaware of "the significance of fraud and misrepresentation as they relate to the Constitutional rights of due process and effective assistance of counsel, and were therefore incapable of being adequately articulated." *Id.* at 1-2.  Additionally, he writes:

> However, it was not until the dismissal of his petition for a writ of habeas corpus in the Missouri Supreme Court on May 17, 2022 that he was able to discover the factual predicate of the claims as presented herein. Petitioner has since the dismissal of Engel v. State. No. SC9954 (Mo. 2022)id., received consultation and assistance, while working with others to diligently research the law, and has been able to ascertain the truth about the unethical breaches of trust (i.e. fraud and misrepresentation) as they operate on a sentence and judgement. Petitioner now articulates suficiently [*sic*] the grounds by which this Honorable Court may take cognizance and ORDER the appropriate relief

*Id.* at 4 (emphasis in original).

## Discussion

As this Court previously determined, and as Petitioner does not now contest, the petition is not timely under 28 U.S.C. § 2244(d)(1)(A).  In the response now before the Court, Petitioner does contend that the petition is timely under § 2244(d)(1)(D), inasmuch as he avers he filed it within one year of discovering "the factual predicate of the claims as presented herein" sometime after May 17, 2022.  *Id.*

According to 28 U.S.C. § 2244(d)(1)(D), a petition is timely if it is filed within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The "factual predicate" of a habeas petitioner's claims "constitutes the vital facts underlying those claims." *Jimerson v. Payne*, 957

F.3d 916, 924 (8th Cir. 2020) (quoting *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)). While § 2244(d)(1)(D) acknowledges that some theories of federal habeas relief are not immediately available, it "does not convey a statutory right to an extended delay...while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Earl*, 556 F.3d at 726 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).  In other words, it is important that a petitioner not "confus[e] his knowledge of the factual predicate of his claim with [the process of] gathering evidence in support of that claim." *Id.* (quoting *Flanagan*, 154 F.3d at 199).

In the response now before the Court, Petitioner does not identify any vital fact underlying any claim he can be understood to bring.  Instead, he offers vague assertions about a lack of comprehension of the significance of alleged fraud and misrepresentation, and receiving help with legal research, at some point after May 17, 2022.  Petitioner's assertions relate more to the process of gathering evidence and formulating arguments than they relate to discovery of the facts themselves.  Even if Petitioner could be understood to point to vital facts, he alleges nothing tending to show he exercised due diligence to uncover them, or that they could not have been discovered sooner.  As discussed above, § 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Id.*

For the foregoing reasons, the petition is not timely under 28 U.S.C. § 2244(d)(1)(A) or § 2244(d)(1)(D), and Petitioner does not assert, nor does it appear, that it can be considered timely under any other provision of § 2244.  Furthermore, petitioner has alleged no proper grounds for equitable tolling.  He has not demonstrated that he was diligently pursuing his rights and some extraordinary circumstance stood in his way, nor does he allege that the state lulled him into

4

inaction. The Court concludes that the petition is untimely and Petitioner has failed to show cause why it should not be dismissed as such. The Court will therefore dismiss the petition at this time.

The Court has considered whether to issue a certificate of appealability. When a federal court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue when the prisoner shows that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a plain procedural bar is present and Petitioner has failed to show cause why the petition should not be dismissed on that basis, and he makes no argument for equitable tolling. As a result, petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Joseph Michael Devon Engel's petition for writ of habeas corpus is **DISMISSED**.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 9th day of November, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE